[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12326
Non-Argument Calendar
_____

Agency No. 2412-11


DONALD W. WALLIS,
KATHRYN W. WALLIS,

                              Petitioners - Appellants,

versus

COMMISSIONER OF IRS,

                              Respondent - Appellee.

_____

Petition for Review of a Decision of the
U.S. Tax Court
_____

(January 29, 2015)

Before HULL, JULIE CARNES and BLACK, Circuit Judges.

PER CURIAM:

Donald W. Wallis and Kathryn W. Wallis (the Wallises), proceeding *pro se*, appeal the Tax Court's order and decision granting summary judgment against their petition for redetermination of tax deficiency. On appeal, the Wallises argue the tax court erred by granting summary judgment because (1) there is a dispute of material fact and (2) collateral estoppel does not apply. Upon review, we affirm.

The material facts are not in dispute. The Wallises admit the payments at issue in this case were made under the same provision of the same partnership agreement as the payments at issue in *Wallis v. Commissioner*, 98 T.C.M. (CCH) 364 (T.C. 2009) ("*Wallis I*") aff'd, 391 F. App'x 826 (11th Cir. 2010) and the only difference is the year the payments were made to the Wallises. Absent a subsequent change in the relevant facts or controlling legal principles, a difference in tax year does not change the taxable characterization of the amounts at issue. *Commissioner v. Sunnen*, 333 U.S. 591, 598-600 (1948).

The tax court therefore did not err by granting summary judgment on collateral estoppel grounds. "For collateral estoppel to be invoked 1) the issue must be identical in the pending case to that decided in the prior proceeding; 2) the issue must necessarily have been decided in the prior proceeding; 3) the party to be estopped must have been a party or have been adequately represented by a party in

the first proceeding; and 4) the precluded issue must actually have been litigated in the first proceeding." *Blohm v. C.I.R.*, 994 F.2d 1542, 1553 (11th Cir. 1993).

The Wallises are collaterally estopped from contesting the tax characterization of the Schedule C payments. First, this case involves the identical issue as *Wallis I*: the tax characterization of Schedule C payments made to the Wallises pursuant to the same, unchanged partnership agreement.[1] *Wallis*, 391 F. App'x at 828-30. Second, the tax court decided, and we affirmed, the characterization of these payments in *Wallis I*. *Id.* Third, the Wallises were a party in *Wallis I*. *See generally id.* Fourth, the Wallises and the IRS actually litigated this issue—i.e., whether the payments were guaranteed payments taxable as ordinary income or partnership distributions taxable as long-term capital gains—before the tax court in *Wallis I*.[2] *Wallis*, 98 T.C.M. (CCH) 364, at *5-7; *Wallis*, 391 F. App'x at 828-30.

**AFFIRMED**.

---

[1] On appeal, the Wallises argue this case involves the different, unlitigated issue of whether the payments were properly considered as includible income. However, the only legal theory the Wallises advances in support of this contention is that the payments are "distribution[s] by a partnership to a retiring partner." That is the same argument considered and rejected in *Wallis I*, and the tax court determined the payments were instead guaranteed payments in liquidation of the interest of a retired partner.

[2] The Wallises are also collaterally estopped from relitigating the accuracy-related penalty imposed by the Commissioner under I.R.C. § 6662. This Court previously upheld such a penalty against the Wallises in *Wallis I*, holding "the Tax Court did not clearly err in finding that the Wallises did not have reasonable cause for the underpayment or act in good faith with respect to it." *Wallis v. C.I.R.*, 391 F. App'x 826, 830-31 (11th Cir. 2010). The Wallises have not shown how the relevant facts or applicable law have changed since.